UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| PATRICK ZIENTEK and CHARLOTTE ZIENTEK<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE & CASUALTY COMPANY<br><br>Defendant. | No. 1:05-CV-326<br><br>Chief Judge Curtis L. Collier |

## ORDER

Before the Court is Plaintiffs Patrick Zientek and Charlotte Zientek's (collectively "Plaintiffs") motion to withdraw, or in the alternative, to continue the trial date in this case, which is set for February 26, 2007 (Court File No. 45). As cause for continuance, counsel for Plaintiffs states: (1) due to continuing illness after her surgery, she has been unable to adequately prepare for the trial or answer Defendant's motions in a proper fashion; (2) if the trial is not rescheduled, Plaintiffs will suffer an inadequate representation through no fault of their own.

Defendant filed a response in opposition to Plaintiffs' motion, arguing (1) this is the second time Plaintiffs have requested a continuance; (2) this matter has been pending before the Court for a lengthy period of time; (3) Plaintiffs' motion comes mere days before trial; (4) all discovery has been completed and, in fact, the deadline for discovery has passed; (5) any new trial date could conflict with and cause undue hardship due to the already-scheduled commitments of counsel and witnesses alike; (6) delaying the trial will cause State Farm to incur additional defense costs because

of the need to repeat various trial preparation efforts, including, but not limited to, issuing and serving trial subpoenas and preparing witnesses; and (7) Plaintiffs and their counsel failed to comply with the affidavit and notice requirements of Local Rules 83.4(f) and 38.2 (Court File No. 49). In the event Plaintiffs' motion is granted, Defendant requested costs associated with re-issuing and serving trial subpoenas and repeating other pretrial activities. Additionally, they suggested five trial dates: June 25, 2007, August 20, 2007, August 27, 2007, October 1, 2007, and November 5, 2007.

On Wednesday, February 14, 2007, at 11:00 a.m., the Court held a conference call with counsel for Plaintiffs and Defendant to discuss Plaintiffs' motion. Counsel for Plaintiffs stated her clients wished to replace her as counsel of record. Counsel for Plaintiffs also stated, although she has fully recovered from the gallbladder surgery that prompted the first continuance of the trial of this matter, she has since developed bronchitis, which has prevented her from preparing this case for trial. Plaintiffs' counsel advised that she and her clients have spoken with a local attorney who has expressed an interest in taking this case; however, new counsel has not been retained. The Court questioned whether Plaintiffs would be fine with their current counsel of record proceeding in this matter if a continuance were granted, and Plaintiffs' counsel answered in the affirmative. Counsel for Defendant argued their objection is to a continuance of the trial, not as to which attorney would try the case. However, the Court noted it would not be possible for a new attorney to come in at this date and still be ready to proceed to trial by February 26, 2007. At this point, the Court decided to continue the trial date to June 25, 2007. Counsel for both parties agreed on the date.

Although the Court is sympathetic to Defendant's concerns, the Court is also sympathetic to Plaintiffs and their counsel since counsel's unexpected illnesses have rendered her unable to maintain the deadlines set by this Court. Under such circumstances, a continuance is appropriate.

2

Therefore, the Court **GRANTS** Plaintiffs' motion to continue the trial. Since Plaintiffs' counsel stated her clients would be fine with her representation if the continuance was granted, the Court **DENIES** the motion to withdraw. In the event Plaintiffs or Plaintiffs' counsel feels the current counsel of record for Plaintiffs will be unable to proceed to trial in June, they must obtain new counsel by **April 13, 2007.** This will give new counsel of record time to prepare for trial and enable the June trial date to be maintained.

Because good cause exists for the continuance, the Court **DENIES** Defendant's requests for costs in this instance. However, if this case is continued again through no fault of Defendant, Plaintiffs shall pay Defendant's reasonable costs associated with repeating pretrial activities that must be repeated due to such continuance. The Court **ORDERS** all subpoenas issued for this trial will still stand for the June trial date.

As agreed by counsel for both parties during the telephone conference, the Court will only re-set those deadlines that had not expired as of the date of the telephone conference. Accordingly, the new trial date is set for **Monday, June 25, 2007 at 9:00 a.m**. The final pretrial conference will be held on **Thursday, June 14, 2007 at 4:00 p.m.** The proposed findings of fact and conclusion of law are due no later than **Thursday, June 14, 2007 at 4:00 p.m.** All courtroom technology dates are re-set for **Thursday, June 14, 2007.**

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**